Heather Gardner AK Bar #0111079
Caitlin Shortell AK Bar #0405027
Allison Mendel AK Bar #8310136

Counsel for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

MATTHEW HAMBY and CHRISTOPHER
SHELDEN, a married couple, CHRISTINA
LABORDE and SUSAN TOW, a married
couple, SEAN EGAN and DAVID
ROBINSON, a married couple, TRACEY
WIESE and KATRINA CORTEZ, a married
couple, and COURTNEY LAMB and
STEPHANIE PEARSON, unmarried
persons,

                     Plaintiffs,

     vs.

SEAN C. PARNELL, in his official capacity
as Governor of Alaska, MICHAEL
GERAGHTY, in his official capacity as
Attorney General of the State of Alaska,
WILLIAM J. STREUR, in his official
capacity as Commissioner of the State of
Alaska, Department of Health and Social
Services, and PHILLIP MITCHELL, in his
official capacity as State Registrar and
Licensing Officer, Alaska Bureau of Vital
Statistics,

               Defendants.

Case No. 3:14-cv-

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## I.      INTRODUCTION

Plaintiffs, through undersigned counsel, hereby complain and allege as follows:

-1-

1.      This is an action brought under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201-02 for declaratory and injunctive relief against the Governor of the State of Alaska, Sean Parnell; the Attorney General of the State of Alaska, Michael Geraghty; the Commissioner of the Alaska Department of Health and Social Services; William J. Streur; and the State Registrar, Bureau of Vital Statistics, Phillip Mitchell.

2.      This is also an action to restore to the Alaska Constitution the principles of due process, fairness, and equality, and to restore and affirm the civil liberties, individual rights, and personal dignities otherwise guaranteed by the Alaska Constitution to each and all of its citizens.

3.      Plaintiffs bring this action to challenge the constitutionality of Article 1, Section 25 of the Constitution of the State of Alaska, which excludes same-sex couples from marriage and prevents the State of Alaska from recognizing valid same-sex marriages entered into elsewhere. Plaintiffs ask this court to declare that the referenced section of the Alaska Constitution and related Alaska Statutes as described below violate the equal protection and due process rights of Plaintiffs guaranteed by the United States Constitution and to enter an injunction 1) barring Defendants from enforcing Alaska Stat. §§ 25.05.011-.013 and other statutes violating Plaintiffs' right to equal protection and due process, 2) requiring Defendants to authorize and issue marriage licenses to unmarried Plaintiffs and all those similarly situated and 3) to extend legal recognition under state

-2-

law to the existing marriages of Plaintiffs lawfully married elsewhere and all those similarly situated.

## II.    JURISDICTION

4.    The U.S. District Court for the District of Alaska has jurisdiction over this matter under 28 U.S.C. §1331 and §1343 because it raises a federal question under 42 U.S.C. §1983 and under the Fourteenth Amendment to the United States Constitution.

5.    At all times relevant, all Plaintiffs named were and are residents of Alaska, within the jurisdiction of the United States District Court for the District of Alaska.

6.    At all times relevant, Defendants were Alaska residents performing their official duties under color of state law as elected or appointed officials of the State of Alaska.

7.    Venue is appropriate in the District of Alaska under 28 U.S.C. §1391(b) because the Defendants perform their official duties, including those complained of herein, within the District's geographical boundaries.

8.    This court has authority to enter a declaratory judgment and permanent injunctive relief pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure and 28 U.S.C. §§2201 -02.

9.    Plaintiffs bring this action pursuant to 42 U.S.C. §1983, 28 U.S.C. §1331 and §1343 for declaratory and injunctive relief against Defendants, and for attorney's

-3-

fees pursuant to 42 U.S.C. § 1988. Specifically, Plaintiffs seek: a) a declaration that Alaska laws prohibiting same sex couples from marrying and prohibiting recognition of lawful out of state marriages of same sex couples violate the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; and b) a permanent injunction (i) preventing Defendants, in their official capacities from denying the unmarried Plaintiffs and others similarly situated the right to marry and (ii) directing Defendants to authorize legal state recognition of the marriages of the married Plaintiffs and others similarly situated that were validly entered into outside Alaska.

## III. PARTIES

### A. Plaintiffs

9. Plaintiffs MATTHEW HAMBY and CHRISTOPHER SHELDEN are residents of the State of Alaska. Christopher is a 20 year employee of the State of Alaska. Matthew has worked as a pharmacist for Providence Health in Anchorage for 15 years. After several years together, they married in Canada in 2008. In December 2013, they renewed their vows in Utah, with Matthew's mother in attendance. Despite the fact that they have been legally married for six years, they remain legal strangers to each other in the eyes of the State of Alaska, which does not recognize their marriage. They have experienced difficulties obtaining benefits, such as health insurance, extended by the State of Alaska to other married couples as a routine matter.

-4-

10.     Plaintiffs SUSAN TOW and CHRISTINA LABORDE are residents of the State of Alaska.  Susan is a retired veteran of the U.S. Air Force, having served her country with distinction for 22 years before retiring in 2012. She is also the mother of two sons, ages 20 and 17.  Christina is a former state and federal employee who now works in the private sector in Anchorage.  Since 2005, Christina and Susan have raised their sons to young adulthood as co-parents. Christina cared for their sons as a single parent while Susan was deployed in 2008-09.  They own a home in Anchorage together. They entered into a civil union in Hawaii in February 2012 and were married in Maryland on July 27, 2013. Despite raising a family, buying a house, supporting each other and their family through Susan's military deployment, and reaching life's milestones together as a family unit, they are legal strangers to each other in their home state. Alaska does not recognize their marriage. The same-sex marriage ban complicates the process by which Christine could adopt the children.

11.     Plaintiffs STEPHANIE PEARSON and COURTNEY LAMB are residents of Alaska.  Courtney grew up partly in Alaska as an Air Force dependent, and moved back to Alaska in 2003 because she considers Alaska home.  Stephanie has lived in Alaska for seven years.  The couple lives in Anchorage and wishes to marry in Alaska because both feel that Alaska is their home and that they should be able to marry in their home state. But they are unable to marry in the State of Alaska, because Alaska will not

issue a marriage license to a same sex couple, criminalizes the act of solemnizing a marriage without a marriage license, and will not recognize their marriage if they marry elsewhere.

12.     Plaintiffs SEAN EGAN and DAVID ROBINSON are residents of Alaska. David grew up in Alaska and Sean moved to Alaska in 2005.  They were married in 2011 in New York. Sean works for the University of Alaska, while David is a member the U.S. Air Force.  Despite the fact that they were lawfully married in New York nearly three years ago and that even the United States Armed Forces now recognize them as married, extending to Sean the benefits available to military spouses, the State of Alaska does not recognize their marriage, and in the eyes of the State, they are legal strangers, their marriage void under state law.

13. Plaintiffs TRACEY WIESE and KATRINA CORTEZ are residents of Alaska. Tracey moved to Alaska sixteen years ago and Katrina has lived in Alaska her entire life. Tracey works for Providence Medical Center and is a business owner. Katrina is a self-employed business owner. The couple has a three year old daughter together. Although Tracey and Katrina were legally married in Hawaii on March 10, 2014 the State of Alaska does not recognize their marriage, and in the eyes of the State, they are legal strangers, their marriage void under state law.

**B.     Defendants**

14.     Defendant SEAN C. PARNELL is the Governor of the State of Alaska. As governor he is ultimately responsible for the execution of the laws of the State of Alaska, including Article 1, § 25 of the Alaska Constitution, Alaska Stat. §§ 25.05.011-.013, and other statutes, regulations, and policies that exclude same sex couples from marrying in Alaska or having their lawful marriages recognized under Alaska law. He is sued in his official capacity.

15.     Defendant MICHAEL GERAGHTY is the Attorney General of the State of Alaska. As Attorney General he represents the State of Alaska and its executive branch agencies via the Alaska Department of Law. The Attorney General also defends state policy and actions in courts in Alaska and elsewhere, including filing amicus briefs in other jurisdictions in support of similar unconstitutional laws in other states. He is sued in his official capacity.

16.     Defendant WILLIAM J. STREUR is the Commissioner of the Alaska Department of Health and Social Services. As such he is appointed by the governor to oversee the executive branch agency that includes the Division of Public Health, Bureau of Vital Statistics, the agency authorized to issue marriage licenses in Alaska under Alaska Stat. § 25.05.071. He is sued in his official capacity.

-7-

17.     Defendant PHILLIP MITCHELL is the section chief for the Alaska Bureau of Vital Statistics, a section of the Division of Public Health of the Alaska Department of Health and Social Services.  As the "licensing officer" described in Alaska Stat. § 25.05.071, he [or his designee] is "the only official who may issue marriage licenses under this chapter [AS 25.05]."  He is sued in his official capacity.

18.     Defendants, through their respective duties and obligations, are responsible for enforcing Alaska laws that bar same sex couples from marrying in Alaska and deny recognition of the valid out of state marriages of same sex couples by the State of Alaska. Each Defendant has caused the harm alleged herein, and will continue to harm Plaintiffs and those similarly situated unless enjoined.  Therefore, the relief sought is against all Defendants, as well as their designees, officers, employees and agents.

## IV. STATEMENT OF FACTS

19.     Article 1, § 25 of the Alaska Constitution, adopted in 1998, bars the state from recognizing or treating as valid any same sex marriage, as follows:

**§ 25. Marriage**

To be valid or recognized in this State, a marriage may exist only between one man and one woman. Alaska Const. Art. 1 Sec. 25.

20.     Title 25 of Alaska Statutes explicitly defines marriage as limited to opposite sex couples under state law. Prior to 1996, Alaska law did not define marriage

-8-

as a contract between opposite sex persons, and did not explicitly prohibit the issuance of

a marriage license to a same sex couples. Alaska Statute § 25.05.011 was amended to its

current form in 1996 and now provides as follows:

**Sec. 25.05.011. Civil contract**.

(a) Marriage is a civil contract entered into by one man and one woman
that requires both a license and solemnization. The man and the woman
must each be at least one of the following:

(1) 18 years of age or older and otherwise capable;

(2) qualified for a license under Alaska Stat. § 25.05.171; or

(3) a member of the armed forces of the United States while on
active duty.

(b) A person may not be joined in marriage in this state until a
license has been obtained for that purpose as provided in this chapter. A
marriage performed in this state is not valid without solemnization as
provided in this chapter.

21.     Alaska law now also explicitly bars the recognition by the state of valid

same sex marriages and voids same sex marriages lawfully entered into elsewhere.

Alaska Stat. § 25.05.013, enacted as a new law in 1996, provides as follows:

**Sec. 25.05.013. Same-sex marriages.**

(a) A marriage entered into by persons of the same sex, either
under common law or under statute, that is recognized by another state
or foreign jurisdiction is void in this state, and contractual rights granted
by virtue of the marriage, including its termination, are unenforceable in
this state.

-9-

(b) A same-sex relationship may not be recognized by the state as being entitled to the benefits of marriage.

22.     Alaska law also imposes criminal liability on any person who solemnizes a marriage in Alaska without first receiving a marriage license, which Plaintiffs are barred from obtaining under Alaska law. Alaska Stat. §25.05.361. Alaska law thus denies Plaintiffs even the basic dignity of having their commitment to each other solemnized in the presence of their family and friends without threat to the liberty and property of anyone who solemnizes the marriage.

23.     Plaintiffs Lamb and Pearson are an unmarried same sex couple in a committed relationship who wish to marry. Each wishes to publicly declare their love and commitment before their community in Alaska, to join their lives together in Alaska and enter into a legally binding commitment to each other in Alaska, and to share in the protections and security that marriage provides.  Yet Alaska law denies them this fundamental freedom that "is one of the basic civil rights of man, fundamental to our very existence and survival." *Loving* v. *Virginia*, 388 U.S. 1, 12 (1967).

24.     The United States government recognizes Plaintiffs' Laborde, Tow, Hamby, Shelden, Wiese, and Cortez's respective marriages for purposes of taxation, veteran's benefits, and other federal programs, but the State of Alaska treats them as legal

-10-

strangers. The State does not recognize their lawful marriages and their marriages are void under Alaska law.

25.     The married Plaintiffs are lawfully married under the laws of sister states, but Alaska refuses to recognize their marriages.  Unilaterally, Alaska has voided their legal status and their rights and responsibilities as married people.

26.     Alaska law also explicitly forbids the recognition of any other form of domestic same sex relationship that confers the benefits of marriage. Same sex couples are specifically singled out as not being entitled to the benefits of marriage. Alaska Stat. §25.05.013(b).

27.     Alaska's exclusion of same sex couples from marriage and refusal to recognize existing marriages of same sex couples, going so far as to void those marriages, harms the Plaintiffs and other Alaska same sex couples and their families in real and significant ways.

28.     Alaska's exclusion of same sex couples from marriage and refusal to recognize existing marriages, as well as its affirmative voiding of lawful marriages from sister states, undermines the Plaintiffs' ability to achieve their aspirations, disadvantages them financially, and denies them "dignity and status of immense import." *U.S.* v. *Windsor*, 133 S. Ct. 2675, 2692 (2013). Plaintiffs and their children are stigmatized and relegated to second class status by being barred from legal recognition of their marriage

-11-

in their home state. Alaska's exclusion of same sex couples from marriage and its denial of recognition of the marriages of legally married same sex couples unambiguously informs same sex couples and the community that their committed relationships are unworthy of recognition. By singling out same sex couples and their families and excluding them from any type of marital protection, Alaska law also harms the children raised by same sex couples and conveys to those children that their families are not equal to other families in the community.

29.    Federal and state courts and our society have discarded, one by one, marriage laws that violated the Constitution's mandate of equality, such as anti-miscegenation laws that prevented couples of different races from marrying, and laws that denied married women the right to make decisions for themselves. History has demonstrated that the vitality of marriage does not depend on maintaining discriminatory laws. Eliminating these unconstitutional aspects of marriage has instead enhanced the institution. Ending the exclusion of same sex couples from marriage is no different.

30.    A rapidly growing number of states and the District of Columbia extend the right to marry to same sex couples. Oregon recognizes same sex marriages entered into out of state.   In Arkansas, Utah, Idaho, Kentucky, Michigan, Ohio, Oklahoma, Tennessee, Texas, and Virginia, courts have held that anti-same sex marriage laws, including constitutional amendments similar to Alaska's, are unconstitutional and violate

-12-

the United States Constitution's guarantees of equal protection. The number of states in which courts have recognized that such laws are unconstitutional continues to grow.

31.     Marriage contributes to the happiness of countless couples and their families and also contributes to society.  This is because marriage is both a personal and public commitment of two people to each other, licensed by the state.  Through marriage, the State recognizes the creation of a family unit in which both people publicly commit to support each other and the family they create. Alaska, like other states, encourages and regulates marriage through laws that provide benefits to and impose obligations upon married couples.  In exchange, the State receives the well-established benefits that marriage brings: stable, supportive families that contribute to the social and economic well being of the state and all of its residents.

32.     Alaska's exclusion of same sex couples from marriage, and its refusal to recognize same sex marriages validly entered into out of state, violate the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution. This discriminatory treatment is subject to heightened scrutiny because it burdens the fundamental right to marry and because it discriminates based upon sex and sexual orientation. But it cannot stand under any level of scrutiny, because the exclusion does not rationally further any legitimate government interest. It serves only to disparage, exclude, and injure gay and lesbian couples and their families.

-13-

33. Alaska Stat. §25.05.011 was amended, and Alaska Stat. § 25.05.013 enacted, in 1996 in response to a fear that same sex couples would begin requesting marriage licenses. The pre-1996 version of Alaska Stat. § 25.05.011 contained no language restricting the definition of marriage to opposite sex couples.

34. Prior to the 1998 adoption by Alaska of Article 1 Section 25 and the anti-marriage statutes cited above, Alaska extended to its citizens a broader spectrum of civil rights and individual liberties than the United States Constitution provided. For the first 39 years of statehood, Alaskans could rely upon their state constitution to broadly guarantee their fundamental rights and to guard against those who wish to oppress or injure individuals or groups for purposes that do not advance a legitimate government interest or promote a just and equal society. Section 25 of Article 1 and the above cited statutes deprive Alaskans of their fundamental right to marry and infringe upon their constitutionally protected interests in liberty, dignity, privacy, autonomy, and intimate association.

35. With respect to the married Plaintiffs, Alaska's refusal to recognize their valid marriages deprives them of their constitutionally protected interest in their marital status, burdens their exercise of fundamental rights including the right to marry, causes undue burden in obtaining benefits that are freely available to other married couples in Alaska without similar burden, and discriminates against the class of legally married

-14-

persons. The challenged statutes and constitutional provision are, again, subject to heightened scrutiny because they infringe upon fundamental rights and discriminate on the basis of sex and sexual orientation. But here, Alaska's statutes and constitutional amendment cannot survive any level of constitutional scrutiny, because they do not further any legitimate government interest but serve only to injure, oppress, and humiliate same sex couples and their families and deprive them from enjoying the benefits of legal marriage in Alaska.

36. In addition to stigmatizing a portion of Alaska's population as second class citizens, Alaska's prohibition against same sex marriage and its refusal to recognize valid marriages from other jurisdictions deprives same sex couples of critically important rights and responsibilities that married couples rely upon to secure their marriage commitment and safeguard their families. By way of example, and without limitation, same sex partners are denied:

a) The right to have a state authorized official, including an authorized religious official, solemnize their commitment to be married. Alaska Stat. § 25.05.361.

b) The right to acquire an interest in property as tenants in the entirety. Alaska Stat. § 34.15.140.

c) The right to be supported financially during the marriage.

-15-

d)      The right to attain the age of majority through marriage. Alaska Stat. § 25.20.020.

e)      The right to be a natural and legitimate parent to a child born to a spouse by medical fertilization during the marriage. Alaska Stat. § 25.20.045.

f)      The right to be recognized as a spouse when petitioning to adopt a legal child of a spouse. Alaska Stat. § 25.23.020.

g)      The right to have access to an ill spouse at the hospital and to make medical decisions for an ill or incapacitated spouse without requiring a written power of attorney.

h)      The right to have priority to be appointed as conservator or guardian in the event that a spouse becomes incapacitated. Alaska Stat. § 13.26.145, Alaska Stat. § 13.26.210.

i)      The right to spousal insurance coverage and benefits when spousal benefits are available.

j)      The right to a court ordered equitable distribution of property upon the dissolution of the marriage. Alaska Stat. § 25.24.010 et seq.

k)      The right to determine the method of disposition of a spouse's remains (and to have a spouse determine the method of disposal of one's remains) under the Alaska Disposition of Human Remains Act.  Alaska Stat. § 13.75.020.

-16-

l)      The right to access to any federal rights and responsibilities that are available to or pertain to married couples, including but not limited to any benefits or rules that apply only when the individual's or couple's eligibility is contingent upon recognition of their marriage in their state of residence.

m)      The right to have marital assets and property exempt from consideration when determining eligibility for long term care benefits for a spouse under the Medicaid or Medicaid waiver program. 7 AAC 40.240-.280.

n)      The right to receive certain worker's compensation benefits for a deceased spouse who died on the job. Alaska Stat. §§ 23.30.215, 23.30.395(40)(41).

o)      The right to inherit a share of the estate of a spouse who dies without a valid will. Alaska Stat. § 13.12.102.

p)      The right to receive an elective share of a spouse's estate who died with a valid  will. Alaska Stat. § 13.12.202.

q)      The right to a homestead allowance and other related allowances from a deceased spouse's estate. Alaska Stat. §§ 13.12.402 -.405.

r)      The privilege to not have to testify in court proceedings about confidential communications made during the marriage. Alaska Rules of Evidence §505.

## V.      CAUSES OF ACTION

### First Cause of Action

-17-

Against All Defendants

**Alaska's Ban on Marriage by Same Sex Couples Deprives the Unmarried Plaintiffs of their Rights to Due Process of Law under the Fourteenth Amendment to the United States Constitution**

37.     Plaintiffs incorporate by reference all of the above paragraphs as though fully set forth herein.

38.     Plaintiffs state this cause of action against all Defendants in their official capacities for purposes of seeking injunctive and declaratory relief.

39.     The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. §1983, provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, §1.

40.     The Alaska Constitution, Article 1, Section 25, Alaska Stat. §25.05.011, Alaska Stat. §25.05.013, and all other sources of state law that preclude marriage for same sex couples, violate the due process guarantee of the Fourteenth Amendment both facially and as applied to Plaintiffs.

41.     The right to marry the person of one's choice and to direct the course of one's life without undue government restriction is one of the fundamental rights protected by the Due Process Clause of the Fourteenth Amendment. Defendants' actions to enforce

-18-

the marriage ban both directly and impermissibly infringe upon Plaintiffs' choices of whom to marry, interfering with a fundamental and intimate personal choice.

42.     The Due Process Clause also protects choices central to personal dignity, privacy, and autonomy, including each individual's fundamental liberty interests in family integrity and intimate association. Defendants' actions to enforce the marriage ban directly and impermissibly infringe upon Plaintiffs' deeply intimate, personal, and private decisions regarding family life, and preclude them from obtaining full liberty, dignity, privacy, and security for themselves and their families.

43.     As Alaska's governor, Defendant Parnell's duties and actions to enforce Alaska's exclusion of same sex couples from marriage, including those actions taken pursuant to his responsibility for the policies and actions of the executive branch relating to, for example and without limitation: health insurance coverage, vital records, and state employee benefit programs, violate Plaintiffs' fundamental right to marry and fundamental interest in liberty, dignity, privacy, autonomy, family integrity, and intimate association under the Fourteenth Amendment to the United States Constitution.

44.     As Attorney General of the State of Alaska, Defendant Geraghty's duties and actions to enforce Alaska's exclusion of same sex couples from marriage, including those actions taken pursuant to his responsibility for defending and providing legal advice supporting the policies and actions of the executive branch relating to, for example and

-19-

without limitation: health insurance coverage, vital records, state employee benefit programs, and, as chief criminal prosecutor for the State of Alaska, the enforcement of Alaska Stat. §25.05.361, violate Plaintiffs' fundamental right to marry and fundamental interest in liberty, dignity, privacy, autonomy, family integrity, and intimate association under the Fourteenth Amendment to the United States Constitution.

45.    As Commissioner of the State of Alaska, Department of Health and Social Services, Defendant Streur's duties and actions to enforce Alaska's exclusion of same sex couples from marriage, including those actions taken pursuant to his supervision of the Division of Public Health, Vital Statistics Section, the agency which licenses all marriages in the State of Alaska and will not license same sex marriages, violate Plaintiffs' fundamental right to marry and fundamental interest in liberty, dignity, privacy, autonomy, family integrity, and intimate association under the Fourteenth Amendment to the United States Constitution.

46.    As the licensing officer of the State of Alaska, Bureau of Vital Statistics, Defendant Mitchell's duties and actions to enforce Alaska's exclusion of same sex couples from marriage, including those actions taken pursuant to his oversight of the Bureau of Vital Statistics, the agency which licenses all marriages in the State of Alaska and will not license same sex marriages, violate Plaintiffs' fundamental right to marry

and fundamental interest in liberty, dignity, privacy, autonomy, family integrity, and intimate association under the Fourteenth Amendment to the United States Constitution.

47. Defendants cannot satisfy the requirements of the Due Process Clause because Alaska's exclusion of same sex couples from marriage is not rationally related to any legitimate governmental interest and thus cannot survive even rational basis review, much less the heightened level of scrutiny that applies to the deprivation of the fundamental right to marry and interference with fundamental liberty interests in liberty, dignity, privacy, autonomy, family integrity, and intimate association.

## SECOND CAUSE OF ACTION

### Against All Defendants

**Alaska's Failure to Recognize the Marriages of Plaintiffs Who Are Lawfully Married in Other States Violates Their Rights to Due Process of Law Under the Fourteenth Amendment to the United States Constitution**

48. Plaintiffs incorporate by reference all of the above paragraphs as though fully set forth herein.

49. Plaintiffs Matthew Hamby and Christopher Shelden are lawfully married under the laws of the State of Utah and in Canada.

50. Plaintiffs Susan Tow and Christina LaBorde are lawfully married under the laws of the State of Maryland.

-21-

51.     Plaintiffs Tracey Wiese and Katrina Cortez are lawfully married under the laws of the State of Hawaii.

52.     Plaintiffs Sean Egan and David Robison are lawfully married under the laws of the state of New York.

53.     When a marriage is recognized by a state, numerous rights, responsibilities, benefits, privileges and protections attach to that status under state and federal law.

54.     When a couple enters into a valid marriage in a state, the couple has a liberty interest in their marital status that is protected by the Due Process Clauses of the Fifth and Fourteenth Amendments, regardless of where the couple chooses to live within the United States.

55.     The married Plaintiffs in this case have a protected liberty interest in their lawful marital status and in the comprehensive protections and obligations that marriage provides.

56.     The married Plaintiffs in this case also have a protected property interest in their lawful marital status and in the comprehensive protections and obligations that marriage provides.

57.     By operation of Article 1 Section 25 of the Alaska Constitution, and Alaska Stat. §25.05.011 and  §25.05.013, and other sections of Alaska Statutes, the lawful marriages of Plaintiffs Hamby and Shelden, Tow and LaBorde, Egan and Robinson, and

-22-

Wiese and Cortez, are treated as nonexistent and void without legal status or effect in Alaska. Alaska law effectively strips these Plaintiffs of a valuable and fundamental legal status that has been conferred upon them by a sister state and deems them legal strangers to each other.

58.    Accordingly, Alaska's refusal to recognize the valid out of state marriages of these Plaintiffs impermissibly deprives them of their fundamental liberty and property interests in their marriages and the comprehensive protections afforded by marriage in violation of the Fourteenth Amendment's Due Process Clause.

59.    Moreover, Alaska's refusal to recognize the valid out of state marriages of the unmarried Plaintiffs impermissibly burdens and interferes with their exercise of the fundamental right to marry in violation of the Fourteenth Amendment's Due Process Clause.

60.    Defendants' deprivation of these Plaintiffs' constitutional rights under color of state law violates 42 U.S.C. §1983.

61.    Plaintiffs have no adequate remedy at law to redress the wrongs alleged herein, which are of a continuing nature and which cause and will continue to cause them irreparable harm.

62.    The married Plaintiffs are entitled to declaratory and injunctive relief on this basis.

-23-

## THIRD CAUSE OF ACTION

### Against All Defendants

### Alaska's Ban on Marriage by Same Sex Couples Deprives Unmarried Plaintiffs of Their Rights to Equal Protection of the Laws Under the Fourteenth Amendment to the United States Constitution

63.     Plaintiffs incorporate by references all of the above paragraphs as though fully set forth herein.

64.     Plaintiffs state this cause of action against Defendants in their official capacities for purposes of seeking declaratory and injunctive relief.

65.     The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. §1983, provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1.

66.     The Alaska Constitution, Article 1, Section 25, Alaska Stat. §25.05.011, Alaska Stat. §25.05.013, and all other sources of state law that preclude marriage for same sex couples violate the equal protection guarantee of the Fourteenth Amendment both facially and as applied to Plaintiffs.  The conduct of the Defendants in enforcing these laws violates the right of Plaintiffs to equal protection by discriminating impermissibly on the basis of sexual orientation and sex.

-24-

67.     As Alaska's governor, Defendant Parnell's duties and actions to enforce Alaska's exclusion of same sex couples from marriage, including those actions taken pursuant to his responsibility for the policies and actions of the executive branch relating to, for example and without limitation: health insurance coverage, vital records, and state employee benefit programs, violate Plaintiffs' constitutional right to equal treatment, without regard to sexual orientation or sex, under the Fourteenth Amendment to the United States Constitution.

68.     As Attorney General of the State of Alaska, Defendant Geraghty's duties and actions to enforce Alaska's exclusion of same sex couples from marriage, including those actions taken pursuant to his responsibility for defending and providing legal advice supporting the policies and actions of the executive branch relating to, for example and without limitation: health insurance coverage, vital records, state employee benefit programs, and, as chief criminal prosecutor for the State of Alaska, the enforcement of Alaska Stat. § 25.05.361, violate Plaintiffs' constitutional right to equal treatment, without regard to sexual orientation or sex, under the Fourteenth Amendment to the United States Constitution.

69.     As Commissioner of the State of Alaska, Department of Health and Social Services, Defendant Streur's duties and actions to enforce Alaska's exclusion of same sex couples from marriage, including those actions taken pursuant to his supervision of the

Division of Public Health, Vital Statistics Section, deprive unmarried Plaintiffs of their constitutional right to equal treatment under the law by denying them marriage licenses.

70.     As the licensing officer of the State of Alaska, Bureau of Vital Statistics, Defendant Mitchell's duties and actions to enforce Alaska's exclusion of same sex couples from marriage, and deny them marriage licenses, deprive unmarried Plaintiffs of their constitutional right to equal treatment under the law.

71.     Alaska's exclusion of same sex couples from marriage, and Defendants' actions to enforce that exclusion, deny same sex couples equal dignity and respect, and deprive their families of a critical safety net of rights and responsibilities. These laws brand same sex couples and their children as second class citizens through government imposed stigma, and also serve to foster private bias and discrimination by instructing all persons with whom same sex couples interact, including their own children, that their relationships and families are less worthy than others. Alaska's exclusion of same sex couples reflect private moral disapproval and animus toward same sex couples.

72.     Same sex couples are similar to opposite sex couples in all of the characteristics relevant to marriage. Like opposite sex couples, they make a commitment to each other, build their lives together, create families together, plan their futures together, and hope to grow old together, caring for each other physically, emotionally, and financially.

-26-

73. The unmarried Plaintiffs seek to marry for the same types of reasons, and to provide the same legal shelter to their families as opposite sex couples.

74. Plaintiffs and their children are equally worthy of the tangible rights and responsibilities, as well as the respect, dignity, and legitimacy that access to marriage confers on opposite sex couples and their children. For the children of same sex couples, the tangible resources and societal recognition and esteem that marriage confers on families is no less precious than for children of opposite sex couples.

75. Alaska's laws barring same sex couples from marriage target same sex Alaska couples by [excluding them or from any other form of relationship]? recognition on the basis of sexual orientation.

76. Laws that discriminate based on sexual orientation should be subjected to heightened scrutiny for numerous reasons.

77. Gay men and lesbians have suffered a long and painful history of discrimination in Alaska and across the United States. Sexual orientation bears no relationship to an individual's contribution to society. Sexual orientation is a core, immutable, defining trait that is so fundamental to a person's identity and autonomy that a person may not legitimately be required to abandon or change it, even if that were possible, as a condition of equal treatment under the law.

-27-

78.     Lesbian, gay, and bisexual persons are a discrete and insular minority, and strong ongoing prejudice against them continues to seriously curtail the political processes that might ordinarily be relied upon to protect them. In Alaska, lesbian, gay and bisexual persons lack any statutory protection against discrimination and may be openly and legally discriminated against in most if not all public spheres, including employment, public accommodations, and housing. Alaska's constitutional amendment excluding same sex couples from marriage is discrimination based upon sexual orientation and is unlawful under the Fourteenth Amendment to the United States Constitution as it denies same sex couples equal protection under the laws of the State of Alaska.

79.     Alaska's exclusion of same sex couples from marriage based on sexual orientation cannot survive heightened scrutiny under the Equal Protection Clause because the State of Alaska cannot offer an exceedingly persuasive showing that the exclusion is substantially related to the achievement of any important governmental objective. Moreover, because the exclusion of same sex couples from marriage based upon sexual orientation serves no legitimate government interest, the exclusion cannot survive even rational basis review.

80.     Alaska's exclusion of same sex couples from marriage discriminates against Plaintiffs on the basis of sex, barring Plaintiffs from marriage solely because each of the Plaintiffs wishes to marry a life partner of the same sex. The sex based restriction

-28-

is plain on the face of Article 1, Section 25 of the Alaska Constitution, which restricts "valid or recognized" marriage to "one man and one woman" and in Alaska Stat. § 25.05.011, which defines marriage as a contract between "one man and one woman."

81.     Because of these sex-based classifications, Courtney Lamb is prohibited from marrying her devoted life partner because she is a woman and not a man; were Courtney Lamb a man, she could marry Stephanie Pearson.

82.     Alaska's exclusion of same sex couples from marriage also serves the impermissible purpose of enforcing and perpetuating sex stereotypes, because Plaintiffs have failed to conform to sex-based stereotypes that women should be attracted to, form intimate relationships with, and marry men, not other women, and that men should be attracted to, form intimate relationships with, and marry women, not men.

83.     There are no longer any legal distinctions between the duties of husbands and wives under Alaska law, and there is no basis for the sex-based eligibility requirements for marriage.

84.     The exclusion of Plaintiffs from marriage based upon their sex and the enforcement of gender based stereotypes cannot survive the heightened scrutiny for sex based discrimination, nor is it rationally related to any legitimate governmental purpose.

85.     Alaska's exclusion of same sex couples from marriage discriminates against Plaintiffs with respect to the exercise of the fundamental right to marry the person

-29-

of one's choice, and with respect to their liberty interests in personal autonomy, family integrity, association, and dignity. Such discrimination is subject to heightened scrutiny. Alaska's exclusion of same sex couples cannot survive such heightened scrutiny, and cannot survive even rational basis review.

//

## FOURTH CAUSE OF ACTION

### Against All Defendants

**Alaska's Failure to Recognize the Marriages of Plaintiffs Lawfully Married in Other States Violates Their Right to Equal Protection of the Laws Under the Fourteenth Amendment to the United States Constitution**

86. Plaintiffs incorporate by reference all of the above paragraphs as though fully set forth herein.

87. Alaska has long recognized marriages that were validly entered into in other states, and afforded those marriages all of the rights and privileges of an Alaska marriage.

88. Unlike many other states, Alaska has not historically attempted to restrict or infringe upon the rights of its citizens to marry. For example, neither the state nor the territorial government ever enacted any racially based restrictions on marriage such as those struck down by the U.S. Supreme Court in *Loving* v. *Virginia*, 388 U.S. 1 (1967).

-30-

In fact, Alaska and its people have historically been broadly accepting of marriages between members of different racial groups. For example, Alaska's sole Congressman, Don Young and former Governor Jay Hammond both married Native Alaskan women. Both enjoyed long, successful marriages that were honored by Alaskans, and equally successful careers in which both they and their wives were in the public eye. Yet at the time each of these couples married, their marriages would have been illegal and void in other states that had statutes that prohibited marriage between white and non-white people.

89. Alaska also issues marriage licenses to opposite sex couples who reside in other states and wish to celebrate their marriages in Alaska without significant restriction. But in 1996 and 1998, Alaska singled out same sex couples in order to exclude them from recognition and to deny such couples any of the rights, protections, and responsibilities of marriage, even if their marriages were lawfully entered into in a sister state.

90. Alaska's refusal to recognize the lawful marriages of the married Plaintiffs discriminates against the category of legally married persons and also discriminates against the married Plaintiffs based upon sexual orientation, sex, and with respect to the exercise of the fundamental right to marry the person of one's choice and fundamental

-31-

liberty interests in personal autonomy, dignity, privacy, family integrity, and intimate association.

91.    Alaska's laws singling out legally married same sex couples in order to exclude their marriages from recognition cannot survive heightened scrutiny under the Equal Protection Clause because the State of Alaska cannot offer an exceedingly persuasive showing that those laws are substantially related to the achievement of any important government objective. Moreover, because excluding legally married same sex couples from recognition does not serve any legitimate governmental interest, those laws cannot survive even rational basis review.

92.    While the states have traditionally had the authority to regulate marriage that authority "must respect the constitutional rights of persons," *see Windsor*, 133 S. Ct at 2691, and it is "subject to constitutional guarantees," *see id*.

93.    The principal purpose and effect of Alaska's anti-same-sex marriage recognition laws "is to identify a subset of state-sanctioned marriages and make them unequal." *Windsor*, 133 S. Ct. at 2694. These laws "impose a disadvantage, a separate status, and so a stigma upon all who enter into same sex marriages made lawful by the unquestioned authority of [other] states." *Id*. at 2693.

94.    Alaska's laws excluding legally married same sex couples from recognition are subject to heightened scrutiny.  But even under rational basis review, a purpose to

HAMBY ET AL. V. PARNELL ET AL.
CASE NO. 3:14-cv-
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

harm a minority class of persons cannot justify disparate treatment of that group, as this is not a legitimate governmental interest. *Romer* v. *Evans*, 517 U.S. 620, 635 (1996), *Windsor*, 133 S. Ct. at 2693.

95.     Accordingly, the enforcement of Alaska laws that deny recognition to and/or void the lawful marriages of the married Plaintiffs, relegating them to a second and unequal class of married couples, violates the equal protection rights of those Plaintiffs. They are entitled to declaratory and injunctive relief on this basis.

## FIFTH CAUSE OF ACTION

Against All Defendants

**For Declaratory and Injunctive Relief**

96.     Plaintiffs incorporate by reference all of the above paragraphs as though fully set forth herein.

97.     This case presents an actual controversy because Defendants' ongoing violation of Plaintiffs' rights to due process and equal protection subject Plaintiffs to serious and immediate harms, warranting the issuance of a declaratory judgment pursuant to 28 U.S.C. §§2201-2202 and under the Federal Rules of Civil Procedure 57 and 65.

98.     Plaintiffs seek injunctive relief to protect their constitutional rights and avoid the injuries described above.  An order enjoining Defendants would redress and

-33-

prevent the irreparable injuries to Plaintiffs that have been identified, for which Plaintiffs have no adequate remedy at law or in equity.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this court to enter judgment:

A. Declaring that the provisions of and enforcement by Defendants of Alaska laws excluding same sex couples from marriage, including Article 1, Section 25 of the Alaska Constitution, Alaska Stat. §§ 25.05.011-.013, and any other sources of state law that exclude same sex couples from marrying violate the unmarried Plaintiffs' rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

B. Declaring that the provisions of and enforcement by Defendants of Alaska laws barring recognition of the lawful and valid out of state marriages of the married Plaintiff same sex couples, including Article 1, Section 25 of the Alaska Constitution, Alaska Stat. §§ 25.05.011-.013, and any other sources of state law that deny recognition to and/or void the marriages of the Plaintiffs and all those similarly situated who validly married a same sex spouse in another jurisdiction violate Plaintiffs' rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

-34-

C.     Permanently enjoining enforcement by Defendants of Article 1, Section 25 of the Alaska Constitution, Alaska Stat. § 25.05.011-.013, and any other sources of state law to exclude the unmarried Plaintiffs and all those similarly situated from marriage or to deny or refuse recognition of and/or void the marriages of the married Plaintiffs and all others similarly situated;

D.     Requiring Defendants in their official capacities to permit the issuance of marriage licenses to the unmarried Plaintiffs and all those similarly situated, pursuant to the same restrictions and limitations applicable to opposite sex couples, and to recognize the marriages validly entered into by the married Plaintiffs and all those similarly situated;

E.     Awarding Plaintiffs their costs, expenses, and reasonable attorney's fees pursuant to, inter alia, 42 U.S.C. §1988 and other applicable laws; and

F.     Granting such other and further relief as the Court deems just and proper.

G.     The declaratory and injunctive relief requested in this action is sought against each Defendant, and all of them; and each Defendant's officers, employees, and agents, and against all persons acting in active concert or participation with any Defendant, or under any Defendant's supervision, direction, or control, whether direct or indirect.

RESPECTFULLY SUBMITTED this 12th day of May, 2014 at Anchorage, Alaska.

By: _____/s/_____

Heather Gardner #0111079
1425 Broadway #463
Seattle, Washington 98122
Telephone: (907) 375-8776

Caitlin Shortell #0405027
310 K Street Suite 200
Anchorage, AK 99501
Telephone: (907) 272-8181

Allison Mendel #8310136
Mendel & Associates, Inc.
1215 W 8th Ave
Anchorage, AK 99501
(907) 279-5001

-36-