Allison Mendel AK Bar #8310136
Mendel & Associates, Inc.
1215 W. 8th Ave.
Anchorage, AK 99501
(907) 279-5001
(907) 279-5437
Amendel@mendelandassociates.com
Heather Gardner AK Bar #0111079
Caitlin Shortell AK Bar #0405027
Attorneys for Matthew Hamby, et al

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MATTHEW HAMBY and CHRISTOPHER SHELDEN, a married couple, CHRISTINA LABORDE and SUSAN TOW, a married couple, SEAN EGAN and DAVID ROBINSON, a married couple, TRACEY WIESE and KATRINA CORTEZ, a married couple, and COURTNEY LAMB and STEPHANIE PEARSON, unmarried persons,<br><br>Plaintiffs,<br><br>vs.<br><br>SEAN C. PARNELL, in his official capacity as Governor of Alaska, MICHAEL GERAGHTY, in his official capacity as Attorney General of the State of Alaska, WILLIAM J. STREUR, in his official capacity as Commissioner of the State of Alaska, Department of Health and Social Services, and PHILLIP MITCHELL, in his official capacity as State Registrar and Licensing Officer, Alaska Bureau of Vital Statistics,<br><br>Defendants. | Case No. 3:14-cv-00089-TMB<br><br>PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR REASONABLE ATTORNEYS' FEES AND EXPENSES THROUGH OCTOBER 24, 2014 |

## INTRODUCTION

Plaintiffs successfully challenged Alaska's constitutional and statutory prohibitions on marriage and marriage recognition for same-sex couples. In an action brought under 42 U.S.C. § 1983, this Court held that these prohibitions violate both the Equal Protection and the Due Process Clauses of the Fourteenth Amendment to the United States Constitution. When Plaintiffs filed their Complaint, Alaska's laws had never been challenged in federal court, and no circuit had ruled on the issue. The legal landscape was shifting, requiring constant monitoring. Counsel agreed to represent Plaintiffs without charges of any kind, and incurred a high risk that counsel may never be compensated for the considerable time spent. Ultimately, Plaintiffs prevailed on every claim in their Complaint, and this Court has permanently enjoined the State of Alaska "from enforcing Alaska Constitution Article 1, Section 25 and Alaska Statute Sections 25.05.011 and 25.05.013 to the extent that the laws prohibit otherwise qualified same-sex couples from marriage and refusing to recognize lawful same-sex marriages entered in other states." [Dkt. 43 at 1-2].

Given the high degree of skill, experience, willingness to accept risk, and dedication necessary to reach this very successful conclusion, Plaintiffs move this Court to order Defendants to pay $257,938.40 for their reasonable attorneys' fees and expenses through October 24, 2014, pursuant to 42 U.S.C.

§ 1988, Federal Rule of Civil Procedure 54(d)(2), and the District of Alaska Local Civil Rules 54.1 and 54.3.

## STANDARD OF LAW

42 U.S.C. § 1988(b) provides that, in an action to enforce the provisions of 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee." A prevailing party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust."[1]

The facts of each case are determinative of the amount of the fee: "The amount constituting 'reasonable attorney's fees' is within a district court's discretion because it is uniquely positioned to understand the complexity of the proceedings."[2] An award for attorneys' fees is calculated by setting a "lodestar," obtained by determining the number of hours reasonably expended on the litigation and multiplying this by a reasonable billing rate.[3]

Rates are determined to be reasonable based on the relevant community—the forum in which the district court sits.[4] The fee applicant has the burden of producing satisfactory evidence of the prevailing market rate.[5]

---

[1] *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (quotation omitted).
[2] *Tatum v. Barnhart*, 359 F.Supp.2d 866, 869 (D. Ak. 2004) (citing *Hensley*, 461 U.S. at 436-37).
[3] *Id*. (citing *Hensley*, 461 U.S. at 433); *see also Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).
[4] *See Camacho*, 523 F.3d at 979.
[5] *See id*. at 980.

Hamby, et al v. Parnell, et al
Case No. 3:14-cv-00089-TMB            3

Case 3:14-cv-00089-TMB   Document 47   Filed 10/28/14   Page 3 of 12

Affidavits of the Plaintiffs' attorneys and other attorneys regarding "prevailing rates in the community are satisfactory evidence of the prevailing market rate.[6] Where a plaintiff "'has obtained excellent results, his attorney should recover a fully compensatory fee' that includes all hours expended on the case."[7] In "some cases of exceptional success an enhanced award may be justified."[8] The court also has discretion to adjust the amount based on factors set forth in *Kerr v. Screen Extras Guild, Inc*.[9] that have not already been considered in the lodestar calculation.[10] Ultimately, the "most critical factor in determining the reasonableness of a fee award is the degree of success obtained."[11]

Time spent establishing "the entitlement to and amount of the fee is compensable."[12] The appropriate amount for fees-on-fees must also be

---

[6] *Id.* (quoting *United Steelworkers of Am. v. Phelps Dedge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)).
[7] *Tatum*, 359 F.Supp. at 869 (quoting *Hensley*, 461 U.S. at 435).
[8] *Hensley*, 461 U.S. at 435.
[9] 526 F.2d 67 (9th Cir. 1975).
[10] *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1126 (9th Cir. 2008). The "*Kerr* factors" include: (1) the time and labor required of the attorneys, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other work by the attorney due to acceptance of the case, (5) the customary fee for similar cases, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount of money, or the value of the rights involved, and the results obtained, (9) the experience, reputation and ability of counsel, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr*, 526 F.2d at 70.
[11] *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *Hensley*, 461 U.S. at 436).
[12] *See In re Nucorp Energy, Inc.*, 764 F.2d 655, 659-660 (9th Cir. 1985).

determined using the lodestar method—i.e., multiplying the number of hours worked by the reasonable rate.[13]

**ARGUMENT**

This Court granted Plaintiffs' relief on all four grounds sought. There is no question that Plaintiffs are the "prevailing party" under 42 U.S.C. § 1988, and are entitled to reasonable attorneys' fees and costs. As explained below, all of the fees and costs requested are reasonable.

### A. Plaintiffs' "Lodestar" Calculation of Attorneys' Fees is Reasonable.

The Court must first calculate the lodestar amount by multiplying a reasonable hourly rate by the number of hours expended on the case.

#### 1. Hourly Rates

Plaintiffs have submitted the following rates for the attorneys and office staff who worked substantially on this case: Allison E. Mendel, $425 per hour;[14] Caitlin Shortell, $395 per hour;[15] Heather Gardner, $395 per hour;[16] Laurence Blakely, $200 per hour;[17] and paralegal staff, $125 per hour.[18] As shown below, each of these attorneys has unique skills, which created an

---

[13] *See Camacho*, 523 F.3d at 981-82.
[14] Declaration of Allison E. Mendel in Support of Plaintiffs' Motion for Reasonable Attorneys' Fees and Expenses Through October 24, 2014 ("Mendel Dec."), at ¶ 16.
[15] Declaration of Caitlin Shortell ("Shortell Dec."), at ¶ 16.
[16] Declaration of Heather Gardner ("Gardner Dec."), at ¶ 15.
[17] Mendel Dec. at ¶ 16.
[18] Id.

Hamby, et al v. Parnell, et al
Case No. 3:14-cv-00089-TMB        5

efficient and complementary legal team that eliminated redundancy and maximized Plaintiffs' chances of success.

Allison Mendel has practiced law in Alaska since 1982.[19] Before opening her own practice in 1987, she clerked for Judge Betty Binns Fletcher of the Ninth Circuit Court of Appeals. Since 1987, she has been in private practice doing family law, civil rights, and appellate matters in both state and federal courts.[20] She has been at the forefront of litigating issues relating to the legal rights of same-sex partners and their children in Alaska.[21] She was formerly co-chair of the National Lesbian and Gay Law Association (now the National LGBT Bar Association), an organization of which she has been a member for twenty years.[22] Ms. Mendel is a member of the National Center for Lesbian Rights National Family Law Advisory Council, and of the American Bar Association and its Family Law section.[23] Ms. Mendel's expertise in Alaska family law combined with her extensive litigation experience involving gay rights uniquely qualified her for the instant litigation. A rate of $425 is reasonable.

---

[19] Id. at ¶ 3.
[20] Id.
[21] Id. at ¶ 4.
[22] Id. at ¶ 5
[23] Id. at ¶ 6.

Hamby, et al v. Parnell, et al
Case No. 3:14-cv-00089-TMB 6

Caitlin Shortell has practiced law in Alaska since 2004.[24] As an assistant attorney general, her primary responsibility was child protection litigation. In 2007 she transferred to the Medicaid Subrogation Section, where she negotiates liens, defended lawsuits against the state, and gave agency advice to agency clients.[25] Ms. Shortell accepted the position of Human Rights Advocate, Attorney IV in 2008, and in this position she was the lead attorney in the hearing unit, analyzed ongoing investigations in discrimination, retaliation, and harassment.[26] In 2009, Ms. Shortell opened a firm with Heather Gardner, co-counsel in this case, until shifting to solo practice in 2012. In private practice, Ms. Shortell has focused on employment law, family law, criminal defense, appellate advocacy, and other civil litigation.[27] She has been a member of the Criminal Justice Act panel, wherein she did a number of criminal appeals and post-conviction relief proceedings.[28] Ms. Shortell's expertise in domestic matters combined with her litigation experience qualified her for this litigation. A rate of $395 is reasonable.

Heather Gardner has practiced law in Alaska since 2001 and shortly thereafter was hired by the State of Alaska, Office of the Attorney General.[29] In 2003 she was hired away from the State by an opposing counsel in a small

---

[24] Shortell Dec. at ¶ 6.
[25] Id.
[26] Id. at ¶ 7.
[27] Id. at ¶ 8.
[28] Id.
[29] Gardner Dec. at ¶ 3.

Hamby, et al v. Parnell, et al
Case No. 3:14-cv-00089-TMB           7

Case 3:14-cv-00089-TMB   Document 47   Filed 10/28/14   Page 7 of 12

multistate Plaintiffs' firm in Juneau. In that position, she represented clients engaged in litigation in state and federal courts in Alaska, Hawaii, and California.[30] Ms. Gardner opened her own practice in 2005 and soon began to take on domestic matters. She is also a member of the Criminal Justice Act panel, and in that capacity has done a number of criminal appeals and post-conviction relief proceeding through the Ninth Circuit and the District of Alaska.[31] Beginning in 2008, Ms. Gardner took on a number of complex cases, including litigation against the State of Alaska arising from oil and gas lease contracts from the administrative hearing level to the Alaska Supreme Court.[32] In 2009, Ms. Gardner opened a firm with Caitlin Shortell, co-counsel in this case, until shifting to solo practice. In private practice, Ms. Gardner has focused on employment law, family law, criminal defense, appellate advocacy, and other civil litigation.[33] Ms. Gardner's expertise in domestic matters combined with her litigation experience qualified her for this litigation. A rate of $395 is reasonable.

Laurence Blakely, admitted to the Alaska Bar in 2009, is an associate who specializes in legal research and writing and maintains an independent

---

[30] Id. at ¶ 4.
[31] Id. at ¶ 5.
[32] Id. at ¶ 6.
[33] Id. at ¶ 7.

appellate practice within Mendel & Associates, Inc.[34]  Prior to working at Mendel & Associates, Inc., Ms. Blakely served as a law clerk for Chief Judge Robert Coats on the Alaska Court of Appeals.[35]  A billable rate of $200 per hour is reasonable for an attorney with five years of experience including an appellate court clerkship.  Other attorneys with similar experience charge more than $200 per hour for their services in Anchorage, Alaska.[36]

Mendel & Associates, Inc., charges clients $125 per hour for work completed by paralegals.[37]  This is the market rate.[38]  The prevailing rate in the community justifies the reasonableness of all of the rates that have been requested here.

### 2. Number of Hours

The moving party must also show that the number of hours claimed is reasonable by submitting adequate documentation of those hours.[39]  The Court should not grant a fee award for "hours that are excessive, redundant, or otherwise unnecessary."[40]

---

[34] Affidavit of Laurence Blakely in support of Plaintiffs' Motion for Reasonable Attorneys' Fees and Expenses ("Blakely Affidavit") at ¶ 2.
[35] Id.
[36] Id. at ¶ 4.
[37] Id. at ¶ 5.
[38] Mendel Dec. at ¶ 16.
[39] *See Hensley*, 461 U.S. at 437.
[40] *Id*. at 433-34.

Hamby, et al v. Parnell, et al
Case No. 3:14-cv-00089-TMB           9

All three attorneys have exercised billing judgment and have excluded hours that could have been billed.[41] Indeed, three additional attorneys at Mendel & Associates, Inc., performed work on this case, for whom Plaintiffs do not request an award of fees.[42] Ms. Blakely also did not bill for all of the work she performed in this case.[43]

The hours claimed are not excessive, redundant, or otherwise unnecessary. As noted by Chief Judge Kozinski, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker."[44]

The lodestar amount in this case is $257,480 ($74,262.50 for Mendel & Associates, Inc., $92,288.50 for Ms. Shortell, and $90,929 for Ms. Gardner). This fee is presumed reasonable.[45] Plaintiffs have demonstrated that their hourly rates and the number of hours claimed are reasonable. This Court should award Plaintiffs the amount requested in fees.

---

[41] Mendel Dec. at ¶ 14; Shortell Dec. at ¶ 15; Gardner Dec. at ¶ 14.
[42] Mendel Dec. at ¶ 17.
[43] Blakely Affidavit at ¶ 5.
[44] *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).
[45] *See Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987).

Hamby, et al v. Parnell, et al
Case No. 3:14-cv-00089-TMB    10

B.  **Summary of Attorneys' Fees**

| ATTORNEY | RATE | HOURS | AMOUNT |
|---|---|---|---|
| Allison Mendel | $425 | 89.5 | $38,037.50 |
| Caitlin Shortell | $395 | 246.3 | $97,288.50 |
| Heather Gardner | $395 | 230.2 | $90,929 |
| Laurence Blakely | $200 | 112 | $22,400 |
| Paralegal Staff | $125 | 110.6 | $13,825 |

C.  **Plaintiffs Are Entitled To Costs**

Plaintiffs are also entitled to an award of costs for expenses that would normally be billed to fee-paying clients.[46] 42 U.S.C. § 1988 (b). Plaintiffs incurred a $400 filing fee case, as supported by the declaration of Allison Mendel and the invoice generated by the Mendel & Associates, Inc. billing software on October 28, 2014. Ms. Gardner incurred $58.40 in PACER filing fees for which she is seeking reimbursement.[47] The total reimbursement for expenses requested is $458.40. The total amount of attorneys' fees and costs requested is $257,938.40.

---

[46] 42 U.S.C. § 1988(b); Ak. R. Civ. P. 54.1.
[47] Gardner Dec. at ¶ 15.

Respectfully submitted this 28th day of October, 2014.

_____/s/_____
Allison Mendel
Mendel & Associates, Inc.

_____/s/_____
Caitlin Shortell

_____/s/_____
Heather Gardner

Attorneys for Plaintiffs