MICHAEL C. GERAGHTY
ATTORNEY GENERAL

William Milks (Alaska Bar No. 0411094)
Kevin Wakley (Alaska Bar No. 1405019)
Assistant Attorneys General
P.O. Box 110300
Juneau, AK  99811
Phone: 907.465.3600
Fax: 907.465.2520
Email: bill.milks@alaska.gov
        kevin.wakley@alaska.gov

*Attorneys for all Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MATTHEW HAMBY and CHRISTOPHER SHELDEN, a married couple, CHRISTINA LABORDE and SUSAN TOW, a married couple, SEAN EGAN and DAVID ROBINSON, a married couple, TRACEY WIESE and KATRINA CORTEZ, a married couple, and COURTNEY LAMB and STEPHANIE PEARSON, unmarried persons,<br><br>    Plaintiffs,<br><br>v.<br><br>SEAN C. PARNELL, in his official capacity as Governor of Alaska, MICHAEL GERAGHTY, in his official capacity as Attorney General of the State of Alaska, WILLIAM J. STREUR, in his official capacity as Commissioner of the State of Alaska, Department of Health and Social Services, and PHILLIP MITCHELL, in his official capacity as State Registrar and Licensing Officer, Alaska Bureau of Vital Statistics,<br><br>    Defendants. | Case No. 3:14-cv-00089-TMB<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES** |

## INTRODUCTION

Plaintiffs initiated this action by filing a complaint alleging that Alaska's marriage laws violate their federal constitutional right to due process and equal protection because they do not authorize same-sex marriage.[1] The parties agreed that there were no material issues of fact that prevented this case from being resolved on summary judgment.[2] Plaintiffs filed a motion for summary judgment,[3] and the parties submitted briefs in support and opposition to plaintiffs' motion.[4] On October 12, 2014, the court granted summary judgment to the plaintiffs.[5] The State Defendants have filed an appeal of that decision.[6]

Plaintiffs have now filed a motion for attorneys' fees and expenses. The State Defendants oppose the motion because the sum sought- $257,938.40 - is not reasonable for the following reasons: the case was decided on motion practice without trial or discovery; the counsels' declarations regarding billable hours contain significant

---

[1]    Complaint at Doc. 1.

[2]    Doc. 13. In fact, the court observed that there appeared to be no need for discovery when it directed plaintiff's to promptly file a motion for summary judgment.

[3]    Doc. 20.

[4]    Docs. 20, 31, 32.

[5]    Doc. 43.

[6]    *Hamby v. Parnell*, appeal docketed, No. 14-35856 (9th Cir. October 13, 2014).

*Hamby, et al. v. Parnell, et al.*                                         Court Case No. 3:14-cv-00089-TMB
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR ATTORNEYS' FEES AND EXPENSES                                                Page 2 of 9
Case 3:14-cv-00089-TMB   Document 56   Filed 11/25/14   Page 2 of 9

errors; the hourly rates sought are excessive; and the number of hours submitted for summary judgment briefing are excessive.

## LEGAL STANDARD

A prevailing party in a complaint filed under 42 U.S.C. § 1983 can seek a "reasonable attorney's fee."[7] The determination of whether an amount sought is "reasonable" is assigned to a district court's discretion "because it is uniquely positioned to understand the complexity of the proceedings."[8] A reasonable attorney's fee does not include "hours that are excessive, redundant, or otherwise unnecessary."[9] In considering motions for attorney's fees, the Supreme Court has noted that "the skill and experience of lawyers vary widely,"[10] and "(h)ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority."[11] The Supreme Court also has warned that "the fees are paid in effect by state and local taxpayers, and because state and local governments have limited budgets, money that is used to pay attorney's fees is money that cannot be used for programs that provide vital public services."[12] Additionally, courts have held that the use of multiple

---

[7]  42 U.S.C. §1988(b).

[8]  *Tatum v. Barnhart*, 359 F.Supp.2d 866, 869 (D. Alaska 2004).

[9]  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

[10]  *Id.*

[11]  *Id.,* quoting *Copeland v. Marshall*, 641 F.2d 880, 890 (D.C. Cir. 1980).

[12]  *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 559 (2010).

*Hamby, et al. v. Parnell, et al.*     Court Case No. 3:14-cv-00089-TMB
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR ATTORNEYS' FEES AND EXPENSES     Page 3 of 9
Case 3:14-cv-00089-TMB   Document 56   Filed 11/25/14   Page 3 of 9

attorneys for essentially the same legal work can be a basis for reducing an attorney's fees award,[13] and a court can eliminate hours that amount to "duplication of effort."[14]

## ARGUMENT

**A. The attorney's fees sought are not reasonable given that this case was resolved without trial or discovery and it presented a claim that has been considered by many courts.**

The plaintiffs presented a legal issue to the court: whether the Fourteenth Amendment prohibited Alaska from enacting marriage laws that did not provide for same-sex marriage. This same allegation has been raised against every state with a traditional marriage law since the Supreme Court last year issued its decision in *United States v. Windsor*.[15] Thus, although this case involved complex constitutional analysis, it hardly presented a novel claim. In fact, numerous court decisions were issued on the subject over the last twelve months,[16] providing a clear roadmap for plaintiffs to follow

---

[13] *Eg. Gay Officers Action League v. Puerto Rico,* 247 F.3d 288 (1st Cir. 2001).

[14] *Herrington v. County of Sonoma,* 883 F.2d 739, 747 (9th Cir. 1989).

[15] 133 S.Ct. 2675 (2013).

[16] *Eg. Kitchen v. Herbert,* 755 F. 3d 1193 (10th Cir., June 25, 2014); *Bostic v. Schaefer*, 760 F.3d 352, (4th Cir., July 28, 2014); *Latta v. Otter*, __ F. Supp.2d ___, 2014 WL 1909999 (D. Idaho May 13, 2014); *Geiger v. Kitzhaber*, 994 F. Supp. 2d 1128, (D. Or. May 19, 2014).

*Hamby, et al. v. Parnell, et al.*                          Court Case No. 3:14-cv-00089-TMB
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR ATTORNEYS' FEES AND EXPENSES             Page 4 of 9
Case 3:14-cv-00089-TMB Document 56 Filed 11/25/14 Page 4 of 9

in pursuing their claim. And, as noted above, this case did not go to trial and there was no need for discovery as there were no material issues of fact in dispute.[17]

The Supreme Court has warned that if an attorney would not charge the same number of hours to one's client, the hours "are not properly billed to one's adversary pursuant to statutory authority."[18] In applying that standard and given the circumstances of this case, it seems obvious that $257,938.40 is excessive and if any attorney's fees are awarded, the sum should be reduced significantly.

### B. The attorney's fees sought are not reasonable because errors in counsels' declarations cause them to be unreliable.

There are significant errors in plaintiffs' attorneys' declarations which cause them to be unreliable. Ms. Shortell is seeking an award of $97,288.50 in fees to compensate her for 246.3 hours of billable time. However, adding together all of the time entries attached to her declaration results in a total of 180.5 hours. Thus, the hours of billable time have been overstated by 65.8 hours. At Ms. Shortell's inflated rate of $395 per hour, this amounts to an overstatement of fees to the tune of $25,991.00. Obviously, an attorney should not be compensated for time that she did not work, and an error of this magnitude causes the declaration to be unreliable. Additionally, another error surrounds Ms. Mendel's August 29, 2014 time entry as it appears to bill 27.1 hours on that day.

---

[17] *See* Document 13- Joint Revised Scheduling and Planning Report § III, at 2. As noted above, this court observed that there was no need for discovery when it directed plaintiffs to promptly file a motion for summary judgment.

[18] *See* note 11.

*Hamby, et al. v. Parnell, et al.*  Court Case No. 3:14-cv-00089-TMB
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR ATTORNEYS' FEES AND EXPENSES  Page 5 of 9
Case 3:14-cv-00089-TMB   Document 56   Filed 11/25/14   Page 5 of 9

In these circumstances, the Court should put little weight on the time entries. Instead, it should focus on the Court's "overall sense" of the suit, while being mindful that the law permitting recovery of attorneys' fees is not intended to produce windfalls.[19]

### C. The attorney's fees sought are not reasonable because the hourly rates for plaintiffs' three primary attorneys should be no higher than $225.00 per hour.

The Attorney General submits motions for attorney's fees in cases in which it prevails as a litigant and fees are available under law. In order to determine a reasonable rate to seek in such cases, the Attorney General's office conducted a survey to determine fair and reasonable attorney billing rates in Alaska.[20] Specifically, in 2010 the Attorney General approved hourly rates that were established based on the recommendations of a working group at the Department of Law which reviewed attorney billing rates statewide, including the rates charged by other government agencies, the fees paid by the State to experienced practitioners who provide legal services to the state, and the hourly rates charged by private practitioners.[21] The working group determined that a three-level system based on attorney classification would fairly reimburse the state for its legal services and appropriately reflect the market rate.[22] Specifically, the Attorney General approved hourly market rates of $150.00 for entry-level professionals

---

[19] *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011).

[20] *See* Declaration of W. Milks.

[21] *Id.*

[22] *See* Declaration of W. Milks.

*Hamby, et al. v. Parnell, et al.*                                                  Court Case No. 3:14-cv-00089-TMB
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR ATTORNEYS' FEES AND EXPENSES                                           Page 6 of 9
Case 3:14-cv-00089-TMB    Document 56    Filed 11/25/14    Page 6 of 9

(Attorneys I and II), $200.00 for Attorneys III and IV, and $225.00 per hour for Attorneys V and VI.[23]

The hourly rates sought by Ms. Mendel, Ms. Gardner, and Ms. Shortell are $425 per hour, $395 per hour, and $395 per hour, respectively. Based upon the rates established by the Attorney General and the experience of the plaintiffs' attorneys, a market rate any higher than $225.00 an hour is not reasonable.[24] Accordingly, if any attorney's fees are awarded, the hourly rate for such fees should not exceed $225 per hour.

### D. The attorney's fees sought to be recovered for summary judgment briefing are not reasonable.

The plaintiffs' motion seeks fees for four different attorneys as well as support staff totaling 788 hours. While the time entries of plaintiffs' attorneys are often not very descriptive, it appears that well over 300 hours of that time was spent working on drafts of the motion for summary judgment and subsequent reply brief. Significantly, by the time plaintiffs' work on the motion for summary judgment began in July and August of this year there had been numerous almost identical motions filed throughout the country and granted by numerous district courts, including by two courts within the Ninth Circuit in May of this year.[25] And the Tenth Circuit and the Fourth Circuit Courts of Appeals had

---

[23] *Id*.

[24] *Id.*

[25] *Eg. Latta v. Otter*, __ F. Supp.2d ___, 2014 WL 1909999 (D. Idaho May 13, 2014); *Geiger v. Kitzhaber*, 994 F. Supp. 2d 1128, (D. Or., May 19, 2014); *see also*

*Hamby, et al. v. Parnell, et al.*　　　　　　　　　　　　　　　　Court Case No. 3:14-cv-00089-TMB
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR ATTORNEYS' FEES AND EXPENSES　　　　　　　　　　　　　　　　Page 7 of 9
Case 3:14-cv-00089-TMB   Document 56   Filed 11/25/14   Page 7 of 9

already upheld district court decisions granting such motions.[26] Plaintiffs thus had a clear roadmap for their briefing in this case. In spite of this, counsel seek attorney's fees for hours devoted to summary judgment briefing that are the equivalent of full-time work for two attorneys for two entire months. In the circumstances of this case, the fees sought are excessive and not reasonable.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion for attorney's fees and expenses is not reasonable. Thus, the motion should be denied or any award of fees and costs should be reduced substantially.

DATED November 25, 2014.

>MICHAEL C. GERAGHTY
>ATTORNEY GENERAL
>
>By: s/William Milks
>William Milks
>Assistant Attorney General
>Alaska Bar No. 0411094
>
>s/Kevin Wakley
>Kevin Wakley
>Assistant Attorney General
>Alaska Bar No. 1405019

---

*Kitchen v. Herbert,* 755 F. 3d 1193 (10th Cir., June 25, 2014); *Bostic v. Schaefer*, 760 F.3d 352, (4th Cir., July 28, 2014).

[26] *Kitchen v. Herbert,* 755 F. 3d 1193 (10th Cir., June 25, 2014); *Bostic v. Schaefer*, 760 F.3d 352, (4th Cir., July 28, 2014).

*Hamby, et al. v. Parnell, et al.*                                                  Court Case No. 3:14-cv-00089-TMB
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR ATTORNEYS' FEES AND EXPENSES                                           Page 8 of 9
Case 3:14-cv-00089-TMB   Document 56   Filed 11/25/14   Page 8 of 9

**Certificate of Service**

I hereby certify that on November 25, 2014, copies of the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND EXPENSES, DECLARATION OF WILLIAM MILKS** and **PROPOSED ORDER** were served electronically on the following parties of record pursuant to the Court's electronic filing procedures:

| | |
|---|---|
| Heather L. Gardner<br>SHORTELL GARDNER<br>1425 Broadway, #463<br>Seattle, Washington 98122<br>hgardnerlaw@yahoo.com | Allison E. Mendel<br>MENDEL & ASSOCIATES<br>1215 W. 8th Avenue<br>Anchorage, Alaska 99501<br>amendel@mendelandassociates.com |
| Caitlin Shortell<br>SHORTELL GARDNER<br>310 K Street, Suite 200<br>Anchorage, Alaska 99501<br>caitlin@shortellgardner.com | |

s/Kayla Wilke
Kayla D. Wilke, Law Office Assistant

*Hamby, et al. v. Parnell, et al.*     Court Case No. 3:14-cv-00089-TMB
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR ATTORNEYS' FEES AND EXPENSES     Page 9 of 9
Case 3:14-cv-00089-TMB   Document 56   Filed 11/25/14   Page 9 of 9