Heather Gardner AK Bar #0111079
Caitlin Shortell AK Bar #0405027
Allison Mendel AK Bar #8310136

Counsel for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| MATTHEW HAMBY and CHRISTOPHER SHELDEN, a married couple, CHRISTINA LABORDE and SUSAN TOW, a married couple, SEAN EGAN and DAVID ROBINSON, a married couple, TRACEY WIESE and KATRINA CORTEZ, a married couple, and COURTNEY LAMB and STEPHANIE PEARSON, unmarried persons,<br><br>                            Plaintiffs,<br><br>vs.<br><br>SEAN C. PARNELL, in his official capacity as Governor of Alaska, MICHAEL GERAGHTY, in his official capacity as Attorney General of the State of Alaska, WILLIAM J. STREUR, in his official capacity as Commissioner of the State of Alaska, Department of Health and Social Services, and PHILLIP MITCHELL, in his official capacity as State Registrar and Licensing Officer, Alaska Bureau of Vital Statistics,<br><br>                            Defendants. | DECLARATION IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO 28 U.S.C. §1988<br><br>Case No. 3:14-cv-00089 TMB |

       I, Caitlin Shortell, hereby declare and state as follows:

       1.    I am a member in good standing of the state bar of Alaska. I am licensed to practice in the United States District Court for the District of Alaska and the United States Court of Appeals for the Ninth Circuit. I am submitting this declaration in support of Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs. I have personal knowledge of the matters stated in this declaration and could competently testify to these facts.

DECLARATION OF CAITLIN SHORTELL IN SUPPORT OF PLAINTIFFS' MOTION FOR REASONABLE
ATTORNEYS' FEES AND EXPENSES - 1

2. I am a 1999 graduate of Northeastern University School of Law. As a law student, I obtained one full year of legal work experience, including a judicial externship with Judge Maxine Chesney of United States District Court for the Northern District of California; the San Francisco Public Defender's Office, the Prison Law Office in San Quentin, California, and for private attorneys in San Francisco.

3. Following graduation, I worked in the San Francisco Bay Area as a contract attorney for private criminal defense attorneys. In 2000, I clerked for Judge Stephanie Joannides of the Anchorage Superior Court in the Third Judicial District for a six month period. I then returned to San Francisco and worked for the firm of Gold, Bennett, Cera, & Sidener on complex multi-district class action lawsuits in Antitrust and Securities Fraud.

4. In the fall of 2003, I returned to Alaska and worked at the Alaska Public Defender Agency until December 31, 2003 and the Attorney General's Office in Anchorage from April 2004 to January 2, 2008. Prior to Alaska bar admission I worked under the 10-month rule at the Public Defender's Office and the Attorney General's Office.

4. I took the February 2004 Alaska Bar exam and was sworn into the bar on May 27, 2004.

3. I have been practicing law in Alaska since 2004. As an assistant attorney general, my primary responsibilities were child protection litigation until 2007, when I transferred to the Medicaid Subrogation Section, where I negotiated liens, defended lawsuits against the state, and gave agency advice to agency clients.

4. In 2008, I accepted the position of Human Rights Advocate, Attorney IV, at the Alaska State Commission for Human Rights. In that position, I was the lead attorney in the hearing unit, analyzed ongoing investigations in discrimination, retaliation, and harassment,

facilitated settlements, took cases to hearing before the Office of Administrative Hearings, did public education outreach, and hired, trained, and supervised staff and attorneys.

5. In 2009, I opened the firm of Shortell Gardner in Anchorage with Heather Gardner and practiced in that firm until May of 2012, since which I have been in practice as a solo practitioner. In private practice, I have focused on employment law, family law, criminal defense, appellate advocacy, and other civil litigation. I have been a member of the Criminal Justice Act panel, and in that capacity I have done a number of criminal appeals and post-conviction relief proceedings through the Ninth Circuit and the District of Alaska and second-chaired one felony jury matter in federal court. I have written several criminal appeals in state court on a contract basis for the Alaska Public Defender Agency. In addition to the above areas, I have represented plaintiffs in personal injury litigation.

6. Ms. Gardner and I have been discussing and researching the viability of attacking the Alaska marriage amendment and statutes for several years. Because of our practice areas, we were both contacted over the years by Alaskans afflicted by the discriminatory marriage laws, but we had to turn them away because they had no recourse in the courts. We began planning and strategizing to bring this matter in earnest after the *Windsor v. U.S.* decision came out. Strategizing required careful scrutiny of the rapidly developing array of case law in this area after *Windsor*, but also a significant amount of time to research what came before Windsor.

9. Because I am a solo practitioner, I took a significant financial risk when I agreed to represent the Plaintiffs. There was no assurance that we would prevail or that I would ever be compensated for my work. But I believed that Plaintiffs deserved zealous and judicious representation and that the cause was just.

10. This case has since moved on an exceptionally fast track, demanding a significant commitment of time. Over the last several months, I have turned away other work because this

challenging and expedited litigation required a significant amount of my available time and focus. This matter, while unquestionably worthwhile, has been a financial burden to my practice.

11. As Defendants' counsel discussed in court, the case also presented complex and novel issues of first impression for this court. Change has occurred rapidly, requiring the attorneys to be in frequent contact and to adjust quickly to new developments. For that reason, we met regularly. Each of the attorneys involved provided necessary and irreplaceable experience, skills and talents and we used them to focus on the most economical route to prevailing in this matter.

12. The case had an expedited schedule that required Plaintiffs' attorneys to set aside other work to meet the deadlines. This was both the result of the speed at which the case proceeded through the court and because changes in this area of law were happening in "real time" as the case was in its early stages and strategies were being formulated.

13. Despite these challenges, the efforts of Plaintiffs' team have produced excellent results for our clients. Plaintiffs appear to be the prevailing parties in this matter. Throughout the state, Alaskans whose rights were violated by the state's discriminatory marriage laws are now able to form legally recognized families with the rights and responsibilities of marriage.

14. I have devoted 180.5 hours to the successful prosecution of this matter, which is documented by my contemporaneous time records. [Exh. A] I have exercised billing judgment and have not recorded or charged for many additional hours for review, discussion of the issues with other attorneys, including co-counsel, meetings with third parties, (including numerous emails and phone calls) general research bearing upon the relevant issues before the court, and other work that I believe I could reasonably request.

15. Accordingly, I am requesting to be compensated for 180.5 hours at $395 per hour through October 27, 2014. I believe that the requested rate is reasonable within this legal

DECLARATION OF CAITLIN SHORTELL IN SUPPORT OF PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND EXPENSES - 4
Case 3:14-cv-00089-TMB   Document 59   Filed 12/02/14   Page 4 of 5

community given my background, experience, and skill; the confluence of complexity, risk, and time demands in this case; and the degree of success that we have achieved.

16. This is an Amended Declaration. There was an addition error in the sum listed on my original timesheet. The correct sum of my hours is 180.5 hours at $395.00 per hour for a total of $71,297.50.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Anchorage, Alaska on this 1st day of December, 2014.

/Caitlin Shortell
AK Bar # 0405027