IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| MATTHEW HAMBY; et al.,<br><br>                            Plaintiffs,<br><br>            v.<br><br>BILL WALKER, in his official capacity as Governor of Alaska; et al.,<br><br>                            Defendants. | Case No. 3:14-cv-00089-TMB<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF COURT'S ORDER ON MOTION FOR ATTORNEY'S FEES |

## I. INTRODUCTION

On April 15, 2015, this Court issued an order granting in part Plaintiffs' motion for attorney's fees.[1] Two of Plaintiffs' counsel, Caitlin Shortell and Heather Gardner, have filed a motion for reconsideration of the Court's order pursuant to Federal Rule of Civil Procedure 59(e).[2] The Court requested a response from the government, which was filed on June 3, 2015.[3] The parties are familiar with the facts of the underlying case, and the Court will not recount them here. For the reasons that follow, counsel's motion for reconsideration is denied.

## II. LEGAL STANDARD

Rule 59(e) is the vehicle by which a party may request the Court to alter or amend its judgment.[4] A Rule 59(e) motion may be granted where: (1) the Court overlooked a material fact or misconceived a principal of law that directly bears on the litigated issue; (2) the motion is

---

[1] Dkt. 62.

[2] Dkt. 63. Plaintiffs' lead counsel, Allison Mendel, does not participate in this motion. *Id.* at 1 n.1. Therefore, any references to counsel or Plainitffs' counsel in this order refer only to Shortell and Gardner.

[3] Dkt. 65 (TMB text order); Dkt. 66 (government's response).

[4] Fed. R. Civ. P. 59(e).

1

necessary to present "newly discovered or previously unavailable evidence" impacting the judgment; (3) the motion is required to "prevent manifest injustice"; or (4) there is an "intervening change in controlling law."[5] "[T]he rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"[6] The Court is granted considerable discretion in deciding a motion to amend a judgment under 59(e),[7] and the motion should not be granted "absent highly unusual circumstances."[8]

### III. DISCUSSION

As a preliminary matter, Gardner and Shortell filed a 29-page motion without leave from the Court in violation of Alaska Local Rule 59.2.[9] More importantly, however, counsel offer no explanation for their failure to present relevant materials available to them at the time of the original request for attorney's fees or show any manifest errors in law or fact that have bearing on the original judgment. Counsel's motion makes several arguments regarding evidence allegedly misconstrued or overlooked by the Court and the misapplication of law.[10] None of these arguments warrant an alteration of the Court's order.

Ninth Circuit case law has long made clear that applicants for attorney's fees bear the burden of producing adequate evidence to show that the requested hourly rates are consistent

---

[5] *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1263 n.1 (9th Cir. 1999)); *see also School Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[6] *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.2000) (quoting 12 James William Moore, et al., *Moore's Federal Practice* § 59.30(4) (3d ed. 1997)).

[7] *Turner*, 338 F.3d at 1063.

[8] *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

[9] Alaska L.R. 59.2(a) ("A motion for a new trial or to amend a judgment under Federal Rule of Civil Procedure 59 is limited to ten (10) pages, and, where appropriate, affidavits, deposition excerpts, or other factual materials.").

[10] Dkt. 63 at 2.

2

with the prevailing market rate of other attorneys with similar skill, experience, and reputation in the same community.[11] The requirements for proving the reasonableness of a fee award in this Circuit are modest. While "[a]ffidavits of the plaintiffs' attorney[s] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases…are satisfactory evidence of the prevailing market rate,"[12] affidavits of only the Plaintiffs' attorneys and not of other attorneys in the community "do not conclusively establish the prevailing market rate."[13] As thoroughly explained in the Court's original order, counsel failed to meet their burden to substantiate the reasonableness of their requested rates when they presented only affidavits of the attorneys who were involved in the case.[14]

Counsel now provide affidavits of other attorneys to evidence the prevailing market rate in this district.[15] Counsel fail, however, to explain why these documents were not provided at the time of the original request for attorney's fees or how these documents were formerly unavailable. Without indication that these documents were unavailable to counsel at the time of their motion and could not have been obtained through reasonable diligence, the new affidavits are not considered "newly discovered or previously unavailable" evidence.[16] Plaintiffs' counsel had ample opportunity to provide the appropriate documentation in support of the reasonableness

---

[11] *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008).

[12] *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

[13] *Camacho*, 523 F.3d at 980. The Ninth Circuit has upheld a district court's reduction in requested hourly rates when the moving party failed to provide evidence beyond affidavits of the attorneys involved with the case. *See* *Carson v. Billings Police Dep't*, 470 F.3d 889, 891–92 (9th Cir. 2006); *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997).

[14] Dkt. 62 at 7–11.

[15] Dkt. 63-3 (Holden affidavit); Dkt. 63-4 (Legacki affidavit); Dkt. 63-5 (Hedges affidavit).

[16] The failure to present facts available to the moving party in the original motion cannot be used to set aside a judgment. *See, e.g.*, *School Dist. No. 1J, Multnomah Cty.*, 5 F.3d at 1263; *Coastal Transfer Co. v. Toyota Motor Sales*, 833 F.2d 208, 212 (9th Cir. 1987).

3

of their requested fees, but failed to do so in a timely manner. Counsel therefore may not now "raise arguments or present evidence for the first time when they could have reasonably been raised earlier in the litigation" to sustain a motion under Rule 59(e).[17]

Counsel also take issue with the government's rebuttal evidence. The burden of rebuttal, however, only falls on the nonmoving party when the moving party has provided sufficient evidence to support the contention that the fees are reasonable.[18] Counsel failed to meet that initial burden. Further, counsel incorrectly state that the Court improperly considered the government's rebuttal evidence presented in a declaration regarding a study from the Attorney General on approved market rates for attorneys in Alaska while refusing to consider the State of Alaska Request for Proposals provided by Plaintiffs.[19] The Court in fact took both documents into consideration and clearly articulated that it did not find either document persuasive in establishing a prevailing market rate in this district.[20]

Counsel spend substantial time elaborating on each of the *Kerr* factors, claiming the Court made factual errors that had bearing on the final judgment.[21] But none of the alleged factual errors has any impact on the Court's reasoning. In its order, the Court discussed the *Kerr* factors it found most pertinent and conducted a careful assessment of the background, experience, and skill of each of Plaintiffs' counsel.[22] Contrary to counsel's assertion that the

---

[17] *Kona Enter., Inc.*, 229 F.3d at 890.

[18] *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992).

[19] Dkt. 63 at 25.

[20] Dkt. 62 at 8 ("The Request for Proposals may give a general idea of a fee the State of Alaska finds reasonable for hiring an attorney, but is not indicative of the prevailing market rate in the community."), 11–12 ("The Court has been unable to find the [Attorney General] report or otherwise verify its recommendations from five years ago, but will consider the figures alongside the Plaintiffs' affidavits.").

[21] Dkt. 63 at 8–20; discussing *Kerr v. Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

[22] Dkt. 62 at 5–7, 9–10, 14–19.

4

Court misunderstood the nature of the attorneys' contributions to the case, the higher rate awarded to Mendel was plainly based on the fact that Mendel has substantially more experience than either Shortell or Gardner.[23] The Court applied an equal reduction in hours for each attorney and clearly explained why, for a case decided on motions for summary judgment, "the time spent by Plaintiffs researching, reviewing, and editing briefs was excessive and not fully compensable."[24] Any perceived mischaracterization of the role each attorney played in the case or of counsel's experience has no bearing on the Court's judgment.

## IV.  CONCLUSION

Counsel's motion for reconsideration at **Docket 63** fails to provide any justification warranting the use of the "extraordinary remedy" made available under Rule 59(e) and is therefore **DENIED**.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 2nd day of September, 2015.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[23] *Id*. at 14 ("Shortell and Gardner have substantially less experience than Mendel and should receive an hourly rate that better reflects their level of expertise.").

[24] *Id*. at 15–19.